IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

MARY DOE #1, ON BEHALF OF )
HER MINOR CHILD, MARY DOE #2 )
)
    PLAINTIFF, )
)
V. ) Case No. _____
)
METROPOLITAN GOVERNMENT )
OF NASHVILLE AND DAVIDSON )
COUNTY, TENNESSEE D/B/A )
METROPOLITAN NASHVILLE )
PUBLIC SCHOOLS, )
)
    DEFENDANT. )

## COMPLAINT

Comes Plaintiff, Mary Doe #1 on behalf of her minor child, Mary Doe #2, and brings this cause of action against Defendant, the Metropolitan Government of Nashville and Davidson County, Tennessee D/B/A Metropolitan Nashville Public Schools for violations of Title IX of the Education Amendments of 1972, 20 U.S.C. §§1681 *et seq*. and violations of 42 U.S.C. § 1983.

## PARTIES

1. Mary Doe #1[1] is the Mother of her minor child Mary Doe #2 and is a resident of Davidson County, Tennessee.

2. Mary Doe #2 is a minor child in the custody of Mary Doe #1 and is a resident of Davidson County, Tennessee. At the time of the events described herein, Mary Doe #2 was a 14-year-old student in the ninth grade at Maplewood High School.

---

[1] The names of the Plaintiffs have been withheld due to the sensitive nature of the subject matter of this action. Instead, Plaintiffs' pseudonyms have been used pursuant to Fed. R. Civ. P. 5.2(a)(3). While the parents. are not minors, their names have also been withheld to protect the identity of the minor child. The identities of the Plaintiffs will be provided to Defendant's attorney upon request.

1

3. Metropolitan Government of Nashville Davidson County Tennessee D/B/A Metropolitan Nashville Public Schools is a governmental entity receiving state and federal funds to operate the Metropolitan Nashville Public School System (hereinafter "Defendant").

**JURISDICTION AND VENUE**

4. This Court has jurisdiction pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §§1681 *et seq*., and 42 U.S.C. §1983.

5. Jurisdiction over the Defendant is proper as Defendant, through its school board, operates the public schools for Davidson County, Tennessee, including Maplewood High School. Defendant receives state and federal funding to operate Maplewood High School and is therefore subject to Title IX of the Education Amendments of 1972, 20 U.S.C. §1681(a) and 42 U.S.C. §1983.

6. Venue is proper in that the acts complained of occurred in the Middle District of Tennessee, namely in Nashville, Tennessee at Maplewood High School.

**FACTS**

<u>DEFENDANT'S OBLIGATIONS UNDER TITLE IX AND §1983</u>

7. Defendant has an obligation under Title IX and the U.S. Constitution to prevent the exclusion of female students from educational opportunities in the public-school system due to sexual harassment and violence. The United States Department of Education's Office for Civil Rights ("OCR") has issued guidance documents to Defendant, including "Dear Colleague" letters, which explain a school's obligations and responsibilities under Title IX. This guidance also applies to a §1983 claim for equal protection in education based on gender.

8. In particular, the guidance issued by the OCR includes a school's obligation to do the following:

   a. Appoint and train a Title IX coordinator and provide visibility to students and parents of the availability of such coordinator.

   b. Adopt, publish, and provide notice to students and parents of grievance procedures providing for the prompt and equitable resolution of student sex discrimination complaints.

   c. Independently investigate complaints of sexual harassment or violence, apart from any separate criminal investigation by local police.

   d. Establish appropriate disciplinary policies that do not have a chilling effect on victims' or other students' reporting of sexual harassment.

   e. Notify the complainant of his or her options to avoid contact with the alleged perpetrator(s) and allow the complainant to change academic and extracurricular activities.

   f. Take proactive measures to eliminate a hostile environment and prevent recurrence of any sexual harassment or violence.

   g. Provide age-appropriate training regarding Title IX, including training on the school's process for handling complaints.

9. At all times relevant hereto, Defendant was fully aware of its obligations under Title IX, as the OCR documents were linked on the website of Metro Nashville Public Schools, under the general heading of Policies and Procedures. These documents were attached as Exhibits 1-4.

10. Additionally, Defendant had further notice of its obligations under Title IX as Defendant was previously sued in the case of *Lopez v. Metropolitan Government of Nashville and Davidson County*, Case No. 3:07-CV-799, Middle District of Tennessee, Nashville Division, for which a consent decree was entered in 2010.

NOTICE OF HOSTILE SEXUAL ENVIRONMENT

11. Prior to the incident at issue, the administration of Maplewood High School was aware that students would engage in inappropriate behavior, including intimate interactions in common areas of the school if left unsupervised.

12. Furthermore, the administration of Maplewood High School was aware that the activity of videotaping sexual acts, unbeknownst to the female student involved, had previously occurred in the Nashville public school system.

13. The practice of videotaping sexual acts was so widespread within the Defendant's school system that the students nicknamed the activity "exposing" the female victim, who was thereafter ridiculed as a "slut" or "whore" as the videotape circulated within the school and on the internet.

14. Accordingly, the Defendant was fully aware that such conduct was occurring and would reoccur within its school system, and specifically at Maplewood High School without intervention by the school system.

15. The training provided by Defendant to its employees was either inadequate, or completely nonexistent, based on the failure of the Defendant to address the system-wide prevalence of sexual harassment and bullying, known as "exposing," that was occurring within its school system.

16. The inadequacy, or nonexistence, of such training was the result of the Defendant's deliberate indifference to the rights of its female students because the foreseeable consequence of such inadequacy was a violation of students' rights to educational opportunities.

17. The OCR's "Dear Colleague" letter of April 4, 2011 states that during the 2007-2008 school year alone, there were 800 reported incidents of rape or attempted rape and 3,800 reported incidents of sexual batteries at public high schools. See Exhibit 3. Defendant knew or should have known of these statistics as it was a recipient of the April 4 letter. Based on such statistics, it is foreseeable that the failure to train school staff on the proper handling of sexual assault claims and/or harassment and/or cyber-bullying could result in the creation of a hostile environment for female students and thus violate a student's rights.

DESCRIPTION OF OCCURENCE

18. On or about September 21, 2016 Mary Doe #2, a 14-year old freshman, and another 14-year old female freshman were involved in unwelcome sexual conduct with 18-year-old male students in a stairway at Maplewood High School.

19. This incident was videotaped on the phone of one or more of the 18-year-old male students.

20. The stairway was unsupervised which provided the opportunity for the unwelcome sexual conduct to occur. The conduct occurred after the end of regular classes and before an extracurricular activity at school.

21. The administration of Maplewood High School was aware of the risk that sexual behavior, welcome or unwelcome, might occur if students were allowed to be in unattended and

5

unsupervised areas of the school especially with younger girls in the presence of 18-year-old men.

22. The principal and administration of Maplewood High School became aware of inappropriate sexual behavior involving Mary Doe #2 when Mary Doe #1 notified the principal and SRO that Mary Doe #2 had come home with hickeys on her neck and told Mary Doe #1 that she had been involved in sexual activity in the stairway and that the conduct was unwelcome. The school's administration spoke to the Senior male students involved but otherwise failed to provide any assistance to Mary Doe #1 and told her that Mary Doe #2 could simply return to class the following day.

23. The administration became aware of the existence of the videotape in October of 2016 when the mother of the other 14-year-old freshman involved in the incident notified the school. At that time, Mary Doe #2 reported to the office and acknowledged that she was the other girl in the video. The administration simply sent Mary Doe #2 back to class without further follow up or investigation. The administration did not call or otherwise inform Mary Doe #1 of the incident or existence of the video, even though Mary Doe #1 had previously inquired if there was a video tape, as Mary Doe #2 had been threatened with harassment of a video, and at that time, the administration had told her that they had checked into it and no video was found. Despite the knowledge that Mary Doe #2 had been threatened with the release of the video and the knowledge that Mary Doe #1 had requested the school to verify the existence of the video, the school never informed Mary Doe #1 that an actual video had surfaced at the school.

24. The Plaintiffs were not informed of any significant disciplinary action or investigation that would be instituted by the school. Even when Mary Doe #1 reported ongoing harassment, the school told her that she could not be informed of any investigation or

punishment of other students. Therefore, Mary Doe #1 and Mary Doe #2 had no idea if their complaints were followed up on by the school.

25. Even though the school administration was aware that students were circulating the videotape, such students were not effectively disciplined to prevent this type of activity from occurring and continuing. The administration did not expel or substantially punish any of the individuals involved in the sexual conduct, the recording of the conduct, or in the circulation of the involved video at the school and to the public at large. Per the principal, the male students involved were 18-years-old at the time of the incident. In addition to the Title IX violation, the age difference between the male students and the female students could be the basis for criminal charges, and the video of the minor being circulated by the 18-year-old students the basis for other criminal offenses.

26. After the incident, a police report may have been filed; however, the school administration never conducted an independent investigation as required by Title IX.

27. According to the "Dear Colleague" letter of April 24, 2015, attached hereto as Exhibit 4, Defendant is required to (1) notify students and employees of the name and contact information of the Title IX coordinator, (2) include complete and current information about the coordinator on its website. However, a named Title IX coordinator is not listed on Defendant's website, and Plaintiffs were never informed of Title IX requirements, nor put in touch with a Title IX coordinator.

28. Defendant failed to adequately educate and inform the students at Maplewood High School of the requirements of Title IX.

29. Defendant further failed to adequately educate, warn, and properly discipline students who engaged in sexual harassment and/or sexual cyber bullying to sufficiently discourage the activity perpetrated on Mary Doe #2

30. The administration of Maplewood High School was aware that Mary Doe #2 was subjected to the sexual activity and that the video was being disseminated; however, the administration did not inform Mary Doe #1 of the incident, much less provide assurance that it would not or could not happen again. In fact, no plan was discussed to prevent the activity from occurring or continuing. The administration treated the incident as a normal occurrence and sent Mary Doe #2 back to class.

31. The administration of Hunters Lane High School failed to adequately address the issues of harassment and cyber bullying, thereby preventing female students from obtaining an equal education in a safe environment.

32. Mary Doe #2 has had significant academic difficulty due to the emotional strain involved with the sexual activity, video threats, release of the video, and ongoing harassment due to these events. Mary Doe #2 failed one subject and her other grades dropped significantly. Defendant failed to take steps to alleviate the harassment or to ensure that Mary Doe #2 could obtain her education free of the strain of ongoing harassment. When Mary Doe #1 contacted the school regarding the ongoing harassment, she was told that the school could not inform her of any investigation or any punishment of those involved.

33. Mary Doe #2 has received counseling from her pastor and is expected to receive medical care in the future as a result of the physical and mental trauma from both the activity and the school's response to the reported activity.

34. Upon information and belief, the videotape of the incident continues to circulate in the Defendant's school system and on the internet.

35. Mary Doe #2 is aware that the videotape of the incident continues to circulate in the Defendant's school system and on the internet, causing Mary Doe #2 severe emotional distress.

36. Mary Doe #2's injuries were closely related to or actually caused by the Defendant's failure to comply with Title IX by failing to adequately train its employees to prevent such sexual harassment in the first instance and, if occurring, to investigate and mitigate ongoing harassment.

37. If the administration of Maplewood High School had been properly trained to comply with Title IX, and had followed its requirements by conducting an independent investigation, adequately disciplining the students involved, taking effective steps to prevent the creation of a hostile environment in the first place, by properly addressing the widespread practice of "exposing," and taking necessary measures to curtail the circulation of the video after the incident, Mary Doe #2 would not have suffered the injuries endured.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF TITLE IX *BEFORE* INCIDENT

38. Plaintiff asserts that the conduct set forth above, in paragraphs 1-37, constitutes a violation of Title IX of the Education Act of 1972, 20 U.S.C. §1681(a) *et seq*.

39. Plaintiff asserts that Defendant failed to comply with Title IX through deliberate indifference and the clearly unreasonable acts and omissions that created a hostile sexual

9

environment to female students *before* the instance of unwelcome sexual conduct to Mary Doe #2.

40. Defendant failed to comply with Title IX *before* the incident at issue occurred by:

    a. Failing to adequately train its employees of the requirements of Title IX.

    b. Failing to educate students about Title IX.

    c. Failing to inform students of the ramifications for engaging in conduct that violated Title IX.

    d. Permitting inappropriate sexual conduct between students to occur in the presence of school staff.

    e. Creating an environment that enabled sexual conduct to occur by allowing stairways to remain unsupervised.

    f. Failing to take appropriate action to address and curtail the system-wide practice of "exposing" individuals through malicious harassment and bullying, even though the Defendant was fully aware that such activity was occurring in its school system.

    g. Failing to adequately discipline students engaged in behavior that creates a discriminatory and hostile environment for female students.

    h. Failing to educate, warn, and discipline students for recording and circulating videos of sexual acts involving other students.

41. Had the Defendant complied with Title IX before the incident occurred, the complained of harassment and/or unwelcome sexual activity would have been prevented.

## COUNT II – VIOLATION OF TITLE IX *AFTER* INCIDENT

10

Case 3:17-cv-01277   Document 1   Filed 09/18/17   Page 10 of 16 PageID #: 10

42. Plaintiff asserts that the conduct set forth above, in paragraphs 1-37, constitutes a violation of Title IX of the Education Act of 1972, 20 U.S.C.§1681(a) *et seq*.

43. Mary Doe #2 was subjected to student-on-student sex-based harassment, that was so severe, pervasive, and objectively offensive that it created a hostile educational environment and deprived Mary Doe #2 of educational opportunities and benefits provided by the school.

44. Plaintiff alleges that Defendant had actual knowledge of (1) the sexual assault and (2) the continuing harassment, but failed to promptly and appropriately respond, instead acting with deliberate indifference.

45. Defendant's policies discourage sexual assault victims from coming forward and have a disparate impact on female students, further demonstrating deliberate indifference.

46. Plaintiff asserts that Defendant failed to comply with Title IX through deliberate indifference and a clearly unreasonable response *after* unwelcome sexual conduct occurred that created an environment of continued harassment.

47. Defendant violated Title IX *after* the incident at issue occurred by:

    a. Failing to inform Plaintiff of the requirements of Title IX.

    b. Failing to inform Plaintiff of the existence of a Title IX coordinator.

    c. Failing to conduct a Title IX investigation separate and apart from the criminal investigation.

    d. Failing to assure Mary Doe #2 the behavior would not reoccur.

    e. Failing to adequately punish the students who engaged in the unwelcome sexual activity.

    f. Failing to adequately punish the students who recorded and circulated the videotape of the unwelcome sexual activity.

        g.     Failing to adequately punish or deter all students from circulating the videotape of the sexual activity.

        h.     Failing to exercise control over the alleged harassment.

        i.     Failing to take adequate steps to allow the Plaintiff to complete her education in a safe environment free of sexual harassment and ridicule.

        j.     Failing to prepare or implement a plan to permit Mary Doe #2 to continue her education in the public-school system without fear of ongoing harassment and ridicule.

48.     Compliance with Title IX after the incident occurred would have prevented the continued harassment and ridicule, which ultimately resulted in the dramatic decline in Mary Doe #2's grades, including the failing of one class, which will remain on her permanent academic record.

## COUNT III – VIOLATION OF 42 U.S.C. § 1983 FAILURE TO TRAIN

49.     Plaintiff asserts that the conduct set forth above, in paragraphs 1-37, constitutes a violation of 42 U.S.C. § 1983, which resulted in the dramatic decline in Mary Doe #2's grades, including the failing of one class. Both the academic decline, which is noted on her permanent academic record, as well as the mental stress she has suffered, were caused by Defendant's conduct as complained of above.

50.     Plaintiff asserts that the Defendant violated the equal protection clause of the Fourteenth Amendment of the U.S. Constitution by failing to train its employees on the proper handling of complaints of sexual assault and harassment.

51.     The training provided by Defendant to its employees was either inadequate, or completely nonexistent, based on the failure of the Defendant to address the system-wide

prevalence of known severe, pervasive, and objectively offensive sexual harassment and bullying, known as "exposing," that was occurring within its school system.

52. The training provided by Defendant to its employees was either inadequate, or completely nonexistent, based on the utter failure of the Maplewood High School administration to comply with Title IX requirements in response to the incident involving Mary Doe #2.

53. The inadequacy, or nonexistence, of such training was the result of the Defendant's deliberate indifference to the rights of its female students because the foreseeable consequence of such inadequacy was a violation of students' equal protection rights.

54. Based on the statistics contained in the OCR's April 4, 2011 letter, as outlined in paragraph 18 above, of which Defendants were on notice, it is foreseeable that the failure to train school staff on the proper handling of sexual assault claims could result in the creation of a hostile environment for female students and thus violate a student's equal protection rights.

55. Mary Doe #2's injuries were closely related to or actually caused by the Defendant's failure to adequately train its employees.

56. If the principal and administration of Maplewood High School had been properly trained to comply with Title IX, and had followed its requirements by conducting an independent investigation, adequately disciplining the students involved, taking effective steps to prevent the creation of a hostile environment in the first place by properly addressing the widespread practice of "exposing," and taking necessary measures to curtail the circulation of the video after the incident, Mary Doe #2 would not have suffered the injuries endured.

**COUNT IV – VIOLATION OF 42 U.S.C. § 1983 DELIBERATE INDIFFERENCE TO ONGOING HARASSMENT**

57. Plaintiff asserts that the conduct set forth above, in paragraphs 1-37, constitutes a violation of 42 U.S.C. § 1983.

13

58. Plaintiff asserts that the Defendant violated the equal protection clause of the Fourteenth Amendment of the U.S. Constitution by its inadequate response to the incident and its deliberate indifference to the ongoing harassment, which resulted in the dramatic decline in Mary Doe #2's grades, including the failing of one class. Both the academic decline, which is noted on her permanent academic record, as well as the mental stress she has suffered, were caused by Defendant's conduct as complained of above.

## DAMAGES

59. As a result of the Defendant's acts and omissions as set forth above, Mary Doe #2 has suffered both physical and emotional injuries, including severe humiliation, embarrassment, loss of enjoyment of life, and loss of educational opportunity.

60. Plaintiffs therefore seeks damages for past and future medical expenses, past and future pain and suffering, past and future emotional injuries, including severe humiliation and embarrassment, past and future loss of enjoyment of life, past and future loss of educational opportunity, and all other damages available for violations of Title IX and 42 U.S.C. § 1983, including punitive damages to deter future noncompliance.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for relief as follows:

1. That process issue requiring the Defendant to answer within the time provided by law;

2. An award of all damages available under Title IX, including but not limited to, payment of Mary Doe #2's expenses incurred as a consequence of the Title IX violations,

damages for deprivation of equal access to the educational benefits and opportunities provided by the Defendant, and damages for past, present, and future physical and emotional pain and suffering, ongoing and severe mental anguish, and loss of past, present, and future enjoyment of life, in the amount of $3,000,000.00;

    3.    An award of punitive damages pursuant to 42 U.S.C. § 1983.

    4.    Injunctive relief requiring Defendant to comply with the requirements of Title IX as outlined in the OCR's "Dear Colleague" letters, attached as Exhibits 1-4 to the original Complaint.

    5.    Reasonable attorney's fees pursuant to 42 U.S.C. §1988 (b) and/or other statutory authority;

    6.    Such further relief that this Court deems proper to enforce Title IX in the Nashville Metropolitan Public-School District.

Respectfully Submitted,

  s/ Stephen Crofford
Stephen Crofford #12039
Mary Parker #6016
**PARKER AND CROFFORD**
1230 2nd Ave. S.
Nashville, TN 37210
615-244-2445
stephencrofford@msn.com
mparker@parker-crofford.com

Attorneys for Plaintiff

15

16